UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH ALLEN LIVERGOOD,

Plaintiff,

v.

CAUSE NO. 3:19CV730-PPS/MGG

QUALITY CORRECTIONAL CARE, LLC,
and DR. TCHAPCHET,[1]

Defendants.

OPINION AND ORDER

Kenneth Allen Livergood, a pretrial detainee at the Marshall County Jail, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Livergood alleges he is experiencing pain and loss of movement in his left shoulder and arm. On July 16, 2019, Livergood was examined by Dr. Tchapchet who told him he needed to be seen by a physician specializing in orthopedic medicine. Dr.

---

[1] Although Dr. Tchapchet is not listed in the caption of the complaint, both the body of the complaint and the attached summons forms (ECF 1-1) make it clear that Livergood is intending to sue Dr. Tchapchet. Thus, I will direct the clerk to add him as a defendant.

Tchapchet prescribed Tylenol for Livergood, but he only received it for one week. Livergood requested additional pain medication, but his requests went unanswered.

Approximately seven weeks later, when Livergood inquired about seeing the specialist during a visit with Dr. Tchapchet on an unrelated matter, he was told that an appointment had been made. However, by that time, Livergood alleges his arm had "healed itself like this causing unknown permanent damage . . .." ECF 1 at 2. Dr. Tchapchet has advised Livergood that he can do nothing further for his arm and shoulder until he is seen by a specialist, which has not yet occurred. Livergood requests monetary damages and injunctive relief.

Because Livergood is a pretrial detainee, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id*. (quoting *Bell*, 441 U.S. at 538–39). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S. Ct. 2466, 2473 (2015) (quoting *Bell*, 441 U.S. at 561). The Seventh Circuit has held that

2

"medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Giving Livergood the favorable inferences to which he is entitled at this stage, I find that the complaint states a plausible claim for monetary damages against Dr. Tchapchet under the Fourteenth Amendment.

Livergood has also sued Quality Correctional Care. "Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)). However, "[a] municipality may not be held liable under § 1983 based on a theory of respondeat superior or vicarious liability." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Because Livergood's complaint only describes the actions—or inaction—of the medical staff in connection with his own treatment, he may not proceed against Quality Correctional Care.

Finally, Livergood has requested injunctive relief. It is the Sheriff of Marshall County who has both the authority and the responsibility of ensuring that Livergood receives adequate medical treatment while he is an inmate at the Marshall County Jail. *See e.g. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, I will instruct the clerk to add the Sheriff as a defendant, and I will permit Livergood to proceed against the Sheriff in his official capacity for injunctive relief. That said, the specific injunctive relief Livergood requests—namely, "mov[ing] the plaintiff to a facility with a medical staff capable of addressing the needs of his shoulder and arm"

3

(ECF 1 at 2)—may not be ordered even if it is ultimately determined that his current treatment is inadequate. While it is true that Livergood must be provided with constitutionally adequate medical care, there may be several ways of doing so that do not involve sending him to another facility. Simply put, Livergood cannot dictate how such medical care is provided. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (The Prison Litigation Reform Act mandates that "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right.") (internal quotation marks, brackets, and citations omitted)); *see also Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997) (Inmates are "not entitled to demand specific care [nor] entitled to the best care possible."). Therefore, injunctive relief—if granted—would be limited to requiring that the Sheriff ensure Livergood receives medical treatment for his arm and shoulder to the extent required by the Constitution.

ACCORDINGLY, the court:

(1) DIRECTS the Clerk to add Dr. Tchapchet and the Sheriff of Marshall County as defendants;

(2) GRANTS Kenneth Allen Livergood leave to proceed against Dr. Tchapchet in his individual capacity for monetary damages for failing to provide him with medical treatment for his left shoulder and arm since July of 2019 in violation of the Fourteenth Amendment;

(3) GRANTS Kenneth Allen Livergood leave to proceed against the Sheriff of

Marshall County in his official capacity on an injunctive relief claim for medical treatment for his left arm and shoulder to the extent required by the Fourteenth Amendment;

(4) DISMISSES Quality Correctional Care;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Tchapchet at the Marshall County Jail and the Sheriff of Marshall County at the Marshall County Sheriff's Department with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Tchapchet and the Sheriff of Marshall County respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 12, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT